**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

STEADY STATE IMAGING, LLC,

                                Civil No. 17-1048 (JRT/KMM)

               Plaintiffs,

v.                                                                                    **ORDER DENYING**
                                          **MOTION TO BIFURCATE**

GENERAL ELECTRIC COMPANY,

               Defendants.

---

       Devan V. Padmanabhan, Paul J. Robbennolt, and Britta S. Loftus, **PADMANABHAN & DAWSON, P.L.L.C.**, 45 South Seventh Street, Suite 2315, Minneapolis, Minnesota 55402, for plaintiff.

       Jonathan M. Nussbaum and Marla R. Butler, **THOMPSON HINE LLP**, Two Alliance Center, 3560 Lenox Road, Suite 1600, Atlanta, Georgia 30326, for defendant.

       Defendant General Electric Company ("GE") filed a Motion to Bifurcate requesting that the Court separate Plaintiff Steady State Imaging, LLC's ("Steady State") remaining claims and try Steady State's breach-of-contract claim to a jury and subsequently try Steady State's promissory-estoppel claim to the Court. Because Defendant does not meet the standard to bifurcate under Federal Rule of Civil Procedure 42(b), the Court will deny the Motion.

**BACKGROUND**

This case arises out of a contract dispute between Steady State and GE. Steady State is a Minnesota limited-liability company that focuses on the development of a magnetic resonance imaging ("MRI") technique known as Sweep Imaging with Fourier Transform ("SWIFT"). (Summ. J. Order ("SJO") at 1, Apr. 4, 2019, Docket No. 427 In 2011, Steady State and GE entered into a contract to explore the commercial development of SWIFT technology. (*Id.*) Steady State brought this action in April 2017, alleging two counts of breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. (Compl. at ¶¶ 37–58, Apr. 4, 2017, Docket No. 1; Am. Compl. at ¶¶ 41–63, May 19, 2017, Docket No. 22.) The Court dismissed Steady State's breach-of-good-faith-and-fair-dealing claim in January 2018 and, in April 2019, granted summary judgment for GE on the first breach-of-contract claim. (*See* Order Adopting R&R at 11, Jan. 17, 2018, Docket No. 121; SJO at 16.)

There are, therefore, two remaining counts: Count III (breach-of-contract) and Count IV (promissory estoppel). (*See* SJO at 16, 20.) Defendants filed a Motion to Bifurcate, asking that the Court separate Count IV and conduct a bench trial on the promissory-estoppel claim, after a jury trial on Count III. (Mot. to Bifurcate at 1, Nov. 27, 2019, Docket No. 451.)

## DISCUSSION

### I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 42 provides, in relevant part:

> **Separate Trials**. For convenience, to avoid prejudice, or to
> expedite and economize, the court may order a separate trial
> of one or more separate issues, claims, crossclaims,
> counterclaims, or third-party claims. When ordering a
> separate trial, the court must preserve any federal right to a
> jury trial.

Fed. R. Civ. P. 42(b). "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b)." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201–02 (8th Cir. 1990). "In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202. Defendants bear "the burden of proving that bifurcation will satisfy the expressed objectives of the rule." *ADT Sec. Servs., Inc. v. Swenson*, Civil No. 07-2983 JRT/AJB, 2011 WL 4396918, at *5 (D. Minn. Sept. 21, 2011) (quoting 8 James William Moore et al., Moore's Federal Practice ¶ 42.20[8] (3d ed. 2011)).

## II.    MOTION TO BIFURCATE

Although GE is unclear under which of the three prongs of Rule 42(b) it relies on in its Motion to Bifurcate, the Court will treat the Motion as seeking to do so to avoid undue prejudice. (*See* Mot. to Bifurcate at 1 ("To ensure a fair trial and prevent jury confusion . . . the equitable claim for promissory estoppel should be separated and decided by the

Court.").)  If GE "cannot show prejudice, a motion for bifurcation will be denied."

*Swenson*, 2011 WL 4396918, at *7 (quoting 8 Moore's Federal Practice ¶ 42.20[4][c]).[1]

GE has failed to show prejudice.  GE argues that jurors may be confused by hearing

evidence on both the breach-of-contract and promissory-estoppel claims, and then

decide the former issue using evidence related only to the latter.  However, the Court is

"confident that the jurors will look objectively at the evidence and that any potential

prejudice or confusion . . . can be cured through the jury instructions and verdict form."

*Id.*  Indeed, Steady State may itself be prejudiced if it is "forced to repeat testimony" or is

"unable to produce some witnesses for two separate trials."  *Id.*

Because bifurcation is not needed to avoid prejudice and would not expediate and

economize the proceeding, the Court will deny GE's Motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendants' Motion to Bifurcate [Docket No. 451] is **DENIED**.

---

[1] To the extent GE also argues that bifurcation would meet the "expedite and economize" prong, since the promissory-estoppel claim would be moot if the jury concludes there was a contract in the first instance, the Court also disagrees.  Because "[a]ny purported efficiencies in holding separate trials depends entirely on the outcome of the first trial, and it is not the Court's role to engage in such speculation."  *Arctic Cat, Inc. v. Sabertooth Motor Grp., LLC*, Civil No. 13–146 (JRT/JSM), 2016 WL 4212253, at *7 (D. Minn. Aug. 9, 2016).

DATED:  March 25, 2020                                    _____
at Minneapolis, Minnesota.                                         JOHN R. TUNHEIM
                                                                              Chief Judge
                                                                  United States District Court