UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STEADY STATE IMAGING, LLC,

                         Civil No. 17-1048 (JRT/TNL)

        Plaintiff,

v.

                         **MEMORANDUM OPINION AND ORDER**
GENERAL ELECTRIC COMPANY,        **ON MOTION TO REVIEW COST**
                                       **JUDGMENT**

        Defendant.

---

    Britta S. Loftus, Devan V. Padmanabhan, Mariah L. Reynolds, Michelle E. Dawson, and Paul J. Robbennolt, **PADMANABHAN & DAWSON, P.L.L.C.,** 45 South Seventh Street, Suite 2315, Minneapolis, MN 55402, for Plaintiff.

    Jamar T. King, **THOMPSON HINE LLP**, 10050 Innovation Drive, Suite 400, Miamisburg, OH 45342; Jeffrey R. Moore, **THOMPSON HINE LLP**, 3900 Key Center, 127 Public Square, Cleveland, OH 44114; Jonathan Nussbaum and Marla Butler, **THOMPSON HINE LLP**, 3560 Lenox Road Northeast, Suite 1600, Atlanta, GA 30326, for Defendant.

Plaintiff Steady State Imaging, LLC ("Steady State") brought this contract dispute against Defendant General Electric Company ("GE"). Following a trial and a jury verdict that awarded Steady State $10 million in damages on a promissory estoppel claim, the Court entered judgment against GE. Steady State submitted a Bill of Costs to the Court, and the Clerk issued a cost judgment in favor of Steady State in the amount of $42,013.30. GE moves for the Court to review the Clerk's action, requesting that the Court adjust the cost judgment to exclude the costs of daily trial transcripts and real time transcripts. Because the daily trial transcripts and real time transcripts were necessarily obtained for

use in the case, the Court will deny GE's Motion and award the full amount of the requested fees.

## BACKGROUND

The facts of this litigation have been comprehensively addressed in prior rulings, which are incorporated by reference and briefly summarized below. *See Steady State Imaging, LLC v. Gen. Elec. Co.*, No. 17-1048, 2019 WL 1491934, at *1–5 (D. Minn. Apr. 4, 2019). In 2017, Steady State brought this action against GE, alleging among other things that GE failed to fulfill promises to commercialize certain magnetic resonance imaging technology. *Id.* at *4. Steady State brought two claims for breach of contract, a claim for breach of the covenant of good faith and fair dealing, and a claim for promissory estoppel. *Id.*

After years of litigation, one of the contract claims and the promissory estoppel claim proceeded to a jury trial. *See Steady State Imaging, LLC v. Gen. Elec. Co.*, No. 17-1048, 2022 WL 3084632, at *1 (D. Minn. Aug. 3, 2022). The trial lasted twelve trial days with testimony from nearly 20 witnesses, either live or by deposition. (*See* Tr. of Trial Volumes I, III–XII, XIV, May 18, 2022, Docket Nos. 594–604, 606; Tr. of Trial Volume II, Aug. 29, 2022, Docket No. 617.) Five of the witnesses were qualified to testify as experts in the subject matter of this case. (Tr. of Trial Volume XIV at 2505.)

The jury rendered a verdict awarding $10 million in damages to Steady State for its promissory estoppel claim, and the Court entered judgment in that amount against GE. *Steady State*, 2022 WL 3084632, at *1–2, 6. Following entry of the judgment, the parties

filed three post-trial motions. *See Steady State Imaging, LLC v. Gen. Elec. Co.*, No. 17-1048, 2023 WL 4203162, at *3 (D. Minn. June 27, 2023).

Thereafter, Steady State submitted a Bill of Costs for deposition and trial transcripts, totaling $42,639.55, to the Court. (Bill of Costs at 1, Sept. 6, 2022, Docket No. 633.) Steady State maintained that the transcripts were necessarily obtained for use in the case because it used the transcripts "extensively" during cross-examinations of witnesses, in its closing argument, and in responding to post-trial motions. (*Id.*, Ex. 1 ¶ 21, Docket No. 633-1.) GE filed an objection. (Def.'s Obj., Sept. 20, 2022, Docket No. 637.)

The Clerk issued a cost judgment in favor of Steady State in the amount of $42,013.30. (Cost J., Oct. 26, 2023, Docket No. 689.) GE moves for the Court to review the Clerk's action, requesting that the Court adjust the cost judgment to exclude the costs of daily trial transcripts in the amount of $13,745.75 and real time transcripts in the amount of $5,319.30. (Def.'s Mot., Nov. 2, 2023, Docket No. 690.)

**DISCUSSION**

GE requests that the Court adjust the cost judgment to exclude the costs of daily trial transcripts and real time transcripts, totaling $19,065.05, because Steady State obtained those transcripts for its own convenience, not because they were necessary for use in the case. The Court disagrees and will tax the full amount of requested costs.

Rule 54(d) of the Federal Rules of Civil Procedure gives the Court the power to tax costs other than attorney's fees in favor of a prevailing party. Fed. R. Civ. P. 54(d); *accord Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 967 (8th Cir. 2023). Included in the expenses

that may be taxed as costs are "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (citing 28 U.S.C. § 1920).  The Court has substantial discretion in awarding costs to a prevailing party under Rule 54(d) and § 1920.  *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997).  Rule 54(d) creates the presumption that a prevailing party is entitled to recover all costs permitted under § 1920, which the losing party bears the burden of overcoming.  *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 431 (8th Cir. 2017); *Stanley*, 784 F.3d at 464.

## I.   FEES FOR DAILY TRIAL TRANSCRIPTS

The Court may award a prevailing party the costs of daily trial transcripts if the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985).  Courts have taxed daily trial transcript costs based on a variety of factors, including the length and complexity of trial, the number of witnesses who provide testimony, and the necessity of using the transcripts during trial or in responding to post-trial motions.  *See Parada v. Anoka Cnty.*, 555 F. Supp. 3d 663, 687 (D. Minn. 2021) (awarding costs of trial transcripts used for post-trial motion practice); *Jo Ann Howard & Assocs., P.C. v. Cassity*, 146 F. Supp. 3d 1071, 1081–82 (E.D. Mo. 2015) (collecting cases).

GE relies on *E.E.O.C. v. Hibbing Taconite Co.*, where the court declined to tax the costs of daily trial transcripts, to argue that the daily transcripts were not necessarily obtained.  No. 09-729, 2010 WL 4237318 (D. Minn. Oct. 21, 2010).  Like in *Hibbing*

*Taconite*, GE asserts that Steady State's three-lawyer team could have taken notes or used the deposition transcripts, which had been prepared for each witness called at trial, instead of relying on the daily trial transcripts. *Id.* at *3. But *Hibbing Taconite* is distinguishable from this action.

The *Hibbing Taconite* trial lasted approximately six days and involved an employment discrimination dispute under the Americans with Disabilities Act.[1] *See E.E.O.C. v. Hibbing Taconite Co.*, 720 F. Supp. 2d 1073, 1075–78 (D. Minn. 2010). In addition, the parties presented testimony from about 10 witnesses and engaged in very little post-trial motion practice.[2]

Conversely, in this case, Steady State used the daily trial transcripts not only to prepare for cross examinations and its closing argument, but also to support its post-trial briefing. (*See, e.g.*, Pl.'s Mem. Opp'n Def.'s Mot. JMOL at 7–9, Sept. 22, 2022, Docket No. 638.) Moreover, the twelve-day trial involved complex testimony from nearly 20 witnesses, almost double the amount in *Hibbing Taconite*. Both parties also cited extensively to the daily transcripts in their post-trial briefing. Such facts demonstrate that the transcripts were necessarily obtained for use in this case and were not just a matter of convenience.

---

[1] Trial details were obtained from minutes and transcripts in ECF No. 09-729.
[2] See the minutes for the trial proceedings in ECF No. 09-729, Docket Nos. 239–42, 248.

The Court thus concludes that the daily transcripts were necessarily obtained for use in this case. As a result, the Court will tax the full amount of requested costs for daily transcripts against GE.

## II.     FEES FOR REAL TIME TRANSCRIPTS

Like the costs for daily trial transcripts, the Court may award a prevailing party the costs of real time transcripts if the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The real time transcripts may not have been "obtained primarily for the convenience of parties." *Dindinger*, 853 F.3d at 431. Courts have awarded the costs of real time transcripts to the prevailing party under various circumstances, including when the case raised complex or technical issues, when counsel used the transcripts to follow the proceedings and raise objections as necessary, and when counsel used the transcripts to prepare additional filings during trial. *See id.* (affirming the district court's taxation against losing party of the costs of real time transcripts obtained in five-day trial for sex-based wage discrimination action).[3]

---

[3] *See also Bitmanagement Software GmbH v. United States*, No. 16-840C, 2023 WL 2336156, at *2 (Fed. Cl. Feb. 17, 2023) (awarding real time transcript costs to prevailing party given the complicated and technical nature of the case and because counsel used the real time transcription during the proceeding to follow and object as necessary); *Abt Sys., LLC v. Emerson Elec. Co.*, No. 4:11-374, 2016 WL 5470198, at *3 (E.D. Mo. Sept. 29, 2016) (collecting cases and allowing taxation of real time transcripts "[g]iven the complicated and technical nature of [the] lawsuit"); *X Techs., Inc. v. Marvin Test Sys., Inc.*, No. 10-319, 2012 WL 13034158, at *1 (W.D. Tex. Feb. 1, 2012) (taxing costs of real time transcripts when "both parties relied heavily on the real-time transcripts during trial").

Steady State maintains that the complexity and length of the trial in this matter necessitated the use of the real time transcripts during trial, namely in preparing for cross-examinations of witnesses during the same trial day. GE responds that this case is not sufficiently complex like the patent infringement cases on which Steady State relies because the magnetic resonance imaging technology itself was not a significant issue in the trial. However, courts have awarded real-time transcript fees in cases unrelated to patent infringement, where the court found the subject matter's complexity justified the need for real-time transcription. *See, e.g.*, *Dindinger*, 853 F.3d at 431. Because the instant trial lasted twelve days and included testimony related to complicated magnetic resonance imaging technology, the Court concludes that the real time transcripts were necessarily obtained for use in the case. Accordingly, the Court will tax the full amount of requested costs for real time transcripts against GE.

## CONCLUSION

Because Steady State necessarily obtained daily trial transcripts and real time transcripts for use in the case, including to prepare for cross examinations, closing arguments, and to respond to post-trial motions, the Court will deny GE's Motion and tax the full amount of requested costs.

-8-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Review Clerk's Action [Docket No. 690] is **DENIED**.

DATED:  February 6, 2024
at Minneapolis, Minnesota.

                                                  JOHN R. TUNHEIM
                                           United States District Judge